United States District Court
Southern District of Texas
**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY JAMES DENNIS, *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-03074 |
| | § | |
| AMERIHOME MORTGAGE COMPANY, LLC, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

# MEMORANDUM AND RECOMMENDATION

On July 29, 2026, the Court held a show-cause hearing regarding Plaintiff's failure to appear at the Initial Pretrial and Scheduling Conference.[1] *See* ECF 12. For the reasons discussed below, the Court RECOMMENDS that Plaintiff's claims be DISMISSED as a sanction under Rule 41(b) for failure prosecute and failure to comply with court orders.

## I. Factual and Procedural Background.

Defendant AmeriHome Mortgage Company, LLC ("AmeriHome") removed this case from state court. ECF 1. On April 20, 2026, the Court set an Initial Conference for July 13, 2026, and ordered the Parties to appear by Zoom videoconference. ECF 3. The Order warned that "[f]ailure to comply with this order

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

may result in sanctions, including dismissal of the action." *Id.* at 2. Plaintiff failed to appear at the conference, at which appearing Defendants AmeriHome and Sente Mortgage, Inc. ("Sente") made an appearance. ECF 10.

On July 14, 2026, the Court set a show-cause hearing for July 29, 2026, ordering Plaintiff to appear in person and explain why the Court should not impose sanctions, including dismissal, for his prior failure to appear. ECF 12. The Court mailed Plaintiff a copy of the show-cause order, which was returned as undeliverable on July 23, 2026. ECF 16.

The Court conducted the show-cause hearing as scheduled on July 29, 2026. Defendants AmeriHome and Sente appeared telephonically. Plaintiff failed to appear and show cause why the Court should not dismiss his claims.

## II. Legal Standards.

Rule 41(b) allows courts to dismiss an action when a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. FED. R. CIV. P. 41(b); *Saenz v. Collier*, No. CV H-20-2575, 2021 WL 4228612, at *1 (S.D. Tex. Aug. 18, 2021) (explaining that "[a]uthority to dismiss under Rule 41(b) flows from a court's inherent power to control its docket"). Courts may dismiss a case sua sponte under Rule 41(b). *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021).

Dismissal with prejudice under Rule 41(b) is a sanction reserved for cases where "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Woods v. Soc. Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009). When the Fifth Circuit affirms 41(b) dismissals, it typically "finds one of the following aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *In re Wood*, 199 F. App'x 328, 332 (5th Cir. 2006) (internal quotation marks and brackets omitted); s*ee also Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (explaining the development of the 41(b) dismissal requirements). A Rule 41(b) dismissal functions as an adjudication on the merits unless otherwise stated. *Saenz*, 2021 WL 4228612, at *1. Review is for abuse of discretion. *Woods*, 313 F. App'x at 721.

## III. Analysis.

### A. There is a record of clear delay.

Plaintiff has failed to prosecute this case and engaged in a record of clear delay. Plaintiff has failed to appear for two separate court settings despite warnings that his claims could be dismissed for doing so. The Court has attempted to make Plaintiff aware of the settings, but Plaintiff has not provided the Court with an

updated address as required. *See* LOC. R. S.D. TEX. 83.4 (explaining that notices will be sent only to addresses on file and pro se litigants are responsible for keeping the Clerk advised in writing of his or her current address). Additionally, Plaintiff did not participate in preparing the Joint Discovery and Case Management Plan and did not respond to the appearing Defendants' attempts to confer via email and mail. ECF 9 at 2, 16-21. These facts show clear delay in prosecuting this case and violation of explicit Court orders attempting to move the litigation forward. *See Robinson v. Cadence Bank*, No. CV H-26-0919, 2026 WL 1900318, at *1 (S.D. Tex. June 8, 2026) (finding record of clear delay where plaintiff failed to attend initial conference and subsequent show-cause hearing and did not update his address with the Court), *report and recommendation adopted sub nom. Robinson v. Bank*, No. 4:26-CV-00919, 2026 WL 1897534 (S.D. Tex. June 30, 2026).

**B. Lesser sanctions are futile.**

Before imposing dismissal with prejudice as a sanction, the Court must have considered or instituted lesser sanctions and found them to be futile. *Woods*, 313 F. App'x at 721. Lesser sanctions include fines, costs, damages against the plaintiff, conditional dismissal, dismissal without prejudice, explicit warnings, and giving a party multiple chances to comply with an order. *Lee v. Sw. Airlines Co.*, No. 24-20346, 2025 WL 2759559, at *4 (5th Cir. Sept. 29, 2025) (citing *Rogers*, 669 F.2d at 321); *Woods*, 313 F. App'x at 721.

The Court explicitly warned Plaintiff two times that failure to appear at settings would result in sanctions, potentially including dismissal. ECF 3; ECF 12. Plaintiff failed to heed those warnings. Further, the Court held a show-cause hearing to provide Plaintiff with the chance to explain his earlier non-appearance, but Plaintiff did not appear. Given Plaintiff twice failed to comply with the Court's orders and has failed to maintain accurate contact information as required, further warnings or other sanctions would be futile. *See Lee*, 2025 WL 2759559, at *4 (finding lesser sanctions futile and affirming dismissal where plaintiff twice failed to comply with magistrate judge's orders despite warnings that failure to comply would result in dismissal).

**C. Two aggravating factors are present.**

The Fifth Circuit affirms dismissals with prejudice when one of the following factors is present: delay or conduct by party itself, not counsel; actual prejudice; or intentional conduct. *Rogers*, 669 F.2d at 320.

Plaintiff in this case is pro se, so "he ha[s] no counsel to blame for his actions." *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418 (5th Cir. 2011) (affirming dismissal). Plaintiff's refusal to engage with the litigation process (i.e., the scheduling conference, case management plan, attempts to confer) prejudices the appearing Defendants by stymieing their ability to prepare their defenses.

## IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims be DISMISSED WITH PREJUDICE according to Rule 41(b). The Court further RECOMMENDS that the appearing Defendants' Motions to Dismiss (ECF 5; ECF 18) be TERMINATED as moot.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 29, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge